Filed 11/16/15 In re R.D. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| In re R.D., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B262195 (Super. Ct. No. J069709) (Ventura County) ORDER MODIFIYING OPINION AND DENYING REHEARING [NO CHANGE IN JUDGMENT] |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC S.,<br><br>    Defendant and Appellant. | |

THE COURT:

It is ordered that the opinion filed herein on October 22, 2015, be modified as follows:

1.  On page 2, in the last sentence in the first paragraph, the words "in December" are deleted so the sentence reads:  "After paternity tests, Troy D. waived presumed father status."

2.  On page 2, on line 10 in the fifth paragraph, the word "anti-psychotic" is deleted so the sentence reads:  "He consistently attended individual counseling and took medication as prescribed."

3.  On page 3, in the last sentence of the first full paragraph, the word "arrested" is changed to "investigated" so that the sentence reads:  "He was investigated in July for battery on a person he thought was following Penny."

4.  On page 4, in line 4 in the paragraph at the top of the page, after the sentence ending "and should complete the course," insert the following two sentences:

> Other evidence showed he completed the course before the hearing.  He received a participation score of "excellent."

5.  On page 4, on line 8 in the second paragraph under DISCUSSION, after the sentence ending "new facts that would support modification," insert the following sentence:

> He said he had not seen Penny for more than three months.


There is no change in the judgment.

Appellant's petition for rehearing is denied.

Filed 10/22/15  In re R.D. CA2/6 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re R.D., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B262195 (Super. Ct. No. J069709) (Ventura County) |
| VENTURA COUNTY HUMAN SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ERIC S.,<br><br>    Defendant and Appellant. | |

Eric S. appeals an order summarily denying his petition for modification and terminating his parental rights to his daughter, R.D.  (Welf. & Inst. Code, §§ 388, 366.26.)[1]  He contends he made a prima facie showing in his section 388 petition that entitled him to an evidentiary hearing.  We affirm.

BACKGROUND

Eric S. is the biological father of R.D.  At R.D.'s birth in November 2013, she and her mother, Penny D., tested positive for methadone and opiates.

---

[1] All statutory references are to the Welfare and Institutions Code.

Penny was married to another man, Troy D., who was incarcerated. After paternity tests in December, Troy D. waived presumed father status.

The Ventura County Human Services Agency (HSA) removed R.D. from Penny. HSA filed a petition in which it alleged R.D. was at risk of serious physical harm because Penny abused heroin, methadone, alcohol, and prescription medication; Eric abused methamphetamine and heroin; and neither Penny nor Eric had adequately addressed their mental illness.

Penny continued to use methadone and alcohol. Eric maintained his sobriety.

Eric and Penny resumed their romantic relationship. In February 2014, Penny arrived at a supervised visit with R.D. under the influence of drugs or alcohol. Eric was with her and seemed unconcerned about her behavior. On another occasion in February, Eric told a social worker that Penny drinks wine, but he did not think it was an issue. He felt it would be safe to return R.D. to Penny.

In March 2014, the juvenile court found Eric to be R.D.'s presumed father. It found that Eric posed a risk to R.D., sustained the petition against him, and ordered reunification services for him with supervised visits. Eric's case plan required him to participate in counseling and medication management for depression, a parenting class, weekly Co-Dependents Anonymous meetings to address Penny's substance abuse issues, and random substance abuse testing. Eric appeared for court hearings, visited R.D., and participated in reunification services. He did not dispute the allegations against him. He acknowledged that he knew Penny was using opiates, methadone, and alcohol during the pregnancy. He consistently attended individual counseling and took anti-psychotic medication as prescribed. He completed a parenting class. His drug tests were negative except one missed test. He attended weekly Al-Anon meetings.

In May 2014, Penny's mother reported that Penny and Eric engaged in domestic violence. On June 21, Penny reported that Eric had "smash[ed] his guitar over her leg." On June 23, a bystander found Penny intoxicated and unconscious in her car.

2

The juvenile court terminated reunification services for Penny after a contested hearing on June 24.

A social worker advised Eric that continuing contact with Penny would be detrimental to his efforts to reunify with R.D. Eric continued to see Penny daily and to spend nights with her. He said she hit him twice in July. He was arrested in July for battery on a person he thought was following Penny.

Eric said he continued to see Penny "because she manipulates [him], and then [he] feel[s] bad." He said, "I just don't know why the Court won't let us be together so we can be a family."

Eric continued to participate in reunification services, but showed no insight into domestic violence's effect on children. He told his counselor he was not in a relationship with Penny although he was seeing her daily. HSA recommended his reunification services be terminated. The juvenile court set the matter for contested hearing in September.

R.D. was in a delicate condition. The agency reported in August that R.D. was hospitalized three times for respiratory problems. Her treating physician reported that she has significant pulmonary disease, and described her as "an infant with high-risk asthma, who will require a caregiver who is able to quickly recognize and respond to changes in [her] respiratory status at any moment." The physician reported that R.D. is developmentally delayed, and requires a caregiver who will "be able to read her social and emotional cues well, and remain patient and nurturing" in the face of challenges.

Penny continued to use heroin and, in August 2014, was arrested for residential burglary. Eric maintained contact with her after her release. In September, the juvenile court terminated reunification services to Eric.

Eric filed a petition for modification in December. He alleged his circumstances had changed. Eric alleged that custody or additional reunification services would be in R.D.'s best interest because he participated in reunification

3

services and "gained insight into the destructive nature of his relationship with the mother and how it has prevented him from obtaining custody of [R.D.]." Eric offered a letter from the director of his anger management class, who wrote that Eric is gaining insight and should complete the course. Eric offered a letter from his individual therapist, who wrote that Eric "has been highly motivated towards changes" and intends to continue therapy. Neither letter stated that Eric had resolved his codependency issues or that R.D. should be placed with Eric.

The juvenile court found that Eric's petition did not make a prima facie showing for modification. It denied his request for modification without a hearing.

After a contested hearing, the juvenile court found that R.D. was adoptable and that no exceptions to adoption were established. It terminated the parental rights of Penny and Eric.

## DISCUSSION

A parent may petition the juvenile court to change its order based upon "change of circumstance or new evidence." (§ 388, subd. (a).) We review denial for abuse of discretion. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319.)

In a petition for modification, the "parent need only make a prima facie showing to trigger the right to proceed by way of a full hearing." (*In re Marilyn H.* (1993) 5 Cal.4th 295, 310.) But Eric did not allege any change of circumstance or new evidence to trigger a hearing. Before the juvenile court terminated Eric's reunification services, it heard and considered evidence that he participated in services and counseling. In his petition for modification, Eric offered new details about his participation in classes, and reasserted that he had resolved his codependency problem, but he did not allege new facts that would support modification. The burden is on the parent to prove changed circumstances to revive the reunification issue. (*Ibid.*) Section 388 provides a means of addressing a legitimate change of circumstances, but its prima facie requirement safeguards against delays in providing permanency for children.

4

(*Marilyn H.*, at p. 310.)  The juvenile court did not abuse its discretion when it denied the petition without a hearing.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

5

Bruce A. Young, Judge

Superior Court County of Ventura

_____


Cameryn Schmidt, under appointment by the Court of Appeal, for Defendant and Appellant.

Leroy Smith, County Counsel, Cynthia Krause, Assistant County Counsel, for Plaintiff and Respondent.